# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**EDWARD LEE LEWIS,**

        Plaintiff,

v.                                                    Civil Action No. 5:11cv54
                                                            (Judge Bailey)

**FEDERAL BUREAU OF PRISONS, et al.,**

        Defendants.

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER

The *pro se* plaintiff initiated this case on April 1, 2011, by filing a civil rights complaint against a number of defendants concerning events at U.S.P Hazelton. Since initiating this case, the plaintiff has amended his complaint. In addition, at the time the plaintiff filed his complaint, he was incarcerated at U.S.P. Allenwood but has since been transferred to Western Regional Jail in Barboursville, West Virginia and then to FCI Fairton, which is located in New Jersey. Currently pending before the Court is the plaintiff's Motion to File a [sic] Emergency Temporary Restraining Order. Specifically, the plaintiff seeks an Order directing the Bureau of Prisons to place him a "safe institution so he can program."

The standard for granting injunctive relief in this circuit is set forth in <u>Real Truth About Obama, Inc. v. Federal Election Comm'n</u>, 575 F.3d 342 (4th Cir.2009). As articulated in <u>Real Truth</u>, before a court may grant injunctive relief, the movant is required to establish "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." <u>Id</u>. at 346 (citations omitted).

Without specifically addressing the other factors, the plaintiff's claim for a preliminary injunction clearly fails to satisfy the first factor because the plaintiff cannot succeed on the merits of his request for injunctive relief.

The pertinent statutes relevant to the plaintiff's request for an order regarding transfer are found at 18 U.S.C. § 3621(b) and 4081. Section 3621(b) states:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate.

Section 4081 states:
> The Federal penal and correctional institutions shall be so planned and limited in size as to facilitate the development of an integrated system which will assure the proper classification and segregation of Federal prisoners according to the nature of the offenses committed, the character and mental condition of the prisoners, and such other factors as should be considered in providing an individualized system of discipline, care, and treatment of the persons committed to such institutions.

These statutes provide the BOP with wide discretion to determine where to house a prisoner, and also to prevent prisoners from challenging their geographic designation within the BOP system. Moody v. Daggert, 429 U.S. 78, 87 n. 9, (1976) (stating that § 4081 provides the BOP with wide discretion and provides "no legitimate statutory or constitutional entitlement sufficient to invoke due process."); Trowell v. Bealer, 135 Fed. App'x 590, 595 (4th Cir. 2005).

Furthermore, "[i]t is well settled that the decision where to house inmates is at the core of prison administrators' expertise." McKune v. Lile, 536 U.S. 24, 40 (2002) (citing Meachum v. Fano, 427 U.S. 215, 225 (1976)). Changes "in a prisoner's location, variations of daily routine, changes

2

in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gatson v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Accordingly, because an inmate has no constitutional right to assignment to any particular prison, there is no probability that the plaintiff will succeed on the merits of his request for an order from this court directing the BOP to transfer him.

Accordingly, for the foregoing reasons, the undersigned **RECOMMENDS** that the plaintiff's Motion for a Temporary Restraining Order (Doc. 72) be **DENIED**.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record by electronic means.

DATED: May 10, 2012

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE