IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**EDWARD LEE LEWIS**,

    Plaintiff,

v.                                                   **CIVIL ACTION NO. 5:11-CV-54**
                                                      **(BAILEY)**

**FEDERAL BUREAU OF PRISONS**,
et al.,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation on Plaintiff's Motion for Temporary Restraining Order of the United States Magistrate Judge John S. Kaull [Doc. 82]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Kaull for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Kaull filed his R&R on May 10, 2012 [Doc. 82]. In that filing, the magistrate judge recommended that this Court deny the plaintiff's motion for a temporary restraining order [*Id.* at 3].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

1

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The docket reflects that service was accepted on May 14, 2012 [Doc. 84]. On May 23, 2012, the plaintiff filed a Motion for Delay in this Civil Action based upon his transfer to another prison and his inability to access his legal materials [Doc. 87]. On June 4, 2012, this Court entered an Order granting the plaintiff an extension of time until July 9, 2012, to file his objections to the magistrate judge's R&R [Doc. 90]. Petitioner timely filed his objections on July 1, 2012, [Doc. 104, docketed on July 9, 2012]. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

## I. Factual and Procedural Background

On April 1, 2011, the plaintiff initiated this proceeding by filing a complaint against various defendants, alleging violations to his civil rights by these defendants [Doc. 1]. The plaintiff filed amended complaints on August 23, 2011 [Doc. 37], and May 23, 2012 [Doc. 75]. On April 26, 2012, the plaintiff filed a Motion to File a [*sic*] Emergency Temporary Restraining Order [Doc. 72], in which he asks this Court to "order the Federal Bureau of Prison [*sic*] to place the plaintiff in a safe institution so he can program" [*Id.* at 1]. On May 10, 2012, the magistrate judge issued his R&R recommending that this Court deny the plaintiff's motion for a temporary restraining order [Doc. 82]. The plaintiff filed objections

to the magistrate judge's R&R on July 1, 2012 [Doc. 104, docketed on July 9, 2012].

## II.  Applicable Law

The Supreme Court of the United States has ruled that a party seeking injunctive relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  **Winter v. Natural Resources Defense Council, Inc.**, 555 U.S. 7, 20 (2008) (*relying on* **Munaf v. Geren**, 553 U.S. 674, 689-90 (2008); **Amoco Production Co. v. Gambell**, 480 U.S. 531, 542 (1987); and **Weinberger v. Romero-Barcelo**, 456 U.S. 305, 311-12 (1982)).  The following year, the Fourth Circuit Court of Appeals issued a ruling reiterating that all four requirements discussed in **Winter** must be met before preliminary relief can be issued.  **The Real Truth About Obama, Inc. v. Federal Election Comm'n**, 575 F.3d 342, 346 (4th Cir. 2009), *cert. granted and judgment vacated on other grounds in* **Real Truth About Obama, Inc. v. Federal Election Comm'n**, 130 S.Ct. 2371 (2010).

## III.  Discussion

The plaintiff seeks an order from this Court directing the Bureau of Prisons to transfer the plaintiff to "a safe institution" [Doc. 72 at 1].  The magistrate judge concluded that the plaintiff's request for a temporary restraining order should be denied because the plaintiff cannot fulfill the first factor based upon this Court's lack of authority to direct the Bureau of Prisons to place the plaintiff in any particular prison [Doc. 82].  In his objections, the plaintiff reiterates his request to be transferred to a safe institution and states that he was told by officials at the prison that this Court "had to order a witness protection program

to insure [*sic*] the plaintiff's safety" [Doc. 104 at 3].[1]

The plaintiff requests this Court to direct the Bureau of Prisons to transfer him to a safe facility [Doc. 72 at 1; Doc. 104 at 3]. However, this Court does not have the authority to direct the Bureau of Prisons with regard to transfer of the plaintiff to another prison. Pursuant to 18 U.S.C. § 3621(b), the Bureau of Prisons is vested with the authority to "designate the place of the prisoner's imprisonment." The Bureau of Prisons may also transfer inmates to another prison pursuant to section 3621(b). Pursuant to 18 U.S.C. § 4081, the Bureau of Prisons must "assure the proper classification and segregation of Federal prisoners according to the nature of the offenses committed, the character and mental condition of the prisoners, and such other factors as should be considered in providing individualized system of discipline, care, and treatment of the persons committed to such institutions." Accordingly the Bureau of Prisons is afforded wide discretion to determine where to house an inmate. **Moody v. Daggett**, 429 U.S. 78, 87 at n.9 (1976) (stating that section 4081 provides prison officials with "full discretion to control [certain] conditions of confinement," including prisoner classification); *see also* **Trowell v. Beeler**, 135 Fed. Appx. 590, 595 (4th Cir. 2005) (stating that the Bureau of Prisons has a statutory responsibility regarding the designation of the place of imprisonment for a prisoner).

The Bureau of Prisons has the authority to designate the place of imprisonment; this Court does not have the authority to direct the Bureau of Prisons to transfer the plaintiff to

---

[1]In his objections, the plaintiff mentions conversations with prison officials about being placed in a "witness protection program" [Doc. 104 at 3]. However, this Court notes that the Motion to File a [*sic*] Emergency Temporary Restraining Order merely states that the plaintiff is requesting to be placed in a "safe institution" [Doc. 72 at 1]. In addition, the plaintiff's objections state that "[t]he plaintiff only wants to be placed in a safe institution . . ." [Doc. 104 at 3].

4

a "safe institution." As such, the plaintiff has not established that he is likely to succeed on the merits. Accordingly, this Court agrees with the magistrate judge's conclusion in the report and recommendation [Doc. 82] and overrules the plaintiff's objections[ Doc. 104].

### IV. Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 82]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, the plaintiff's Motion to File a [*sic*] Emergency Temporary Restraining Order **[Doc. 72]** is **DENIED**. Furthermore, the plaintiff's Objections **[Doc. 104]** are **OVERRULED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record herein and to mail a copy to the *pro se* plaintiff.

**DATED:** July 19, 2012.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE