IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**EDWARD LEE LEWIS,**

    Plaintiff,

**v.**                                                    Civil Action No. 5:11-CV-54
                                                                        (Bailey)

**FEDERAL BUREAU OF PRISONS,**
**TERRY O'BRIEN,**
**UNKNOWN JOHN DOE ASSOCIATE WARDENS,**
**CAPTAIN BERGAMI,**
**SIA PETRISCO,**
**SIS SERANO,**
**SIS LT. FISHER,**
**JOHN AND JANE DOE SIS STAFF,**
**D-UNIT MANAGER MORI,**
**D-UNIT CASE MANAGER WITT,**
**SHU LT. HUFFMAN,**
**SHU LT. BRENSON,**
**JOHN AND JANE DOE SHU STAFF,**
**P.A. AZUMA,**
**DR. DUBERSAC,**
**MEDICAL STAFF MS. BROWN-STOBBY,**
**JOHN AND JANE DOE MEDICAL STAFF, and**
**JOHN AND JANE DOE CORRECTIONAL STAFF,**

    Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge John S. Kaull [Doc. 129]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Kaull for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Kaull filed his R&R on December 5, 2012 [*Id.*]. In that filing, the magistrate judge recommends that this Court dismiss without prejudice the plaintiff's complaint [Doc. 1] for

failure to exhaust administrative remedies [Doc. 129 at 10].

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Kaull's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Service was accepted on December 10, 2012 [Doc. 130], and petitioner timely filed his objections on December 21, 2012 [Doc. 131]. Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

### I. Factual and Procedural History

On April 1, 2011, the plaintiff filed a **Bivens**[1] complaint alleging an Eighth Amendment violation with respect to (1) injuries that he received from his cell mate while in the Special Housing Unit ("SHU") and (2) medical care for those injuries [Doc. 1]. In his R&R, Magistrate Judge Kaull concluded that the plaintiff failed to exhaust his administrative remedies before filing his complaint in this proceeding [Doc. 129 at 10]. As such, the

---

[1] ***Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics***, 403 U.S. 388 (1971).

magistrate judge recommended that this Court grant in part and deny in part the defendant's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [Doc. 105] and dismiss this action without prejudice [Doc. 129 at 10]. The plaintiff filed timely objections to the R&R on December 21, 2012 [Doc. 131].

## II. Applicable Law

### A. Exhaustion of Administrative Remedies

Under the Prison Litigation Reform Act ("PLRA"), before a prisoner can bring an action under any federal law with respect to prison conditions, he or she must first exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). This exhaustion requirement has multiple purposes. First, it "attempts to eliminate unwarranted federal-court interference with the administration of prisons . . .." **Woodford v. Ngo**, 548 U.S. 81, 93 (2006). Second, it "seeks to 'afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" **Id.** (quoting **Porter v. Nussle**, 534 U.S. 516, 525 (2002)). Third, it "'reduce[s] the quantity and improve[s] the quality of prisoner suits.'" **Id.** (quoting **Nussle**, 534 U.S. at 524).

Exhaustion of grievances is mandatory, "whether they involve general circumstances or particular episodes." See **Booth v. Churner**, 532 U.S. 731, 741 (2001). Accordingly, all available administrative remedies, including inmate grievance procedures, must be exhausted before a prisoner can file a complaint in federal court. **Nussle**, 534 U.S. at 524. Failure to properly exhaust all available administrative remedies can result in procedural default of the prisoner's claims. See **Woodford**, 548 U.S. at 92-93 (recognizing that the PLRA provisions contain a procedural default component).

The Bureau of Prisons ("BOP") has a four-step administrative remedy process, progressing from the BP-8 level to the BP-11 level. *See* 28 C.F.R. §§ 542.13-542.15. The first step is an attempted informal resolution. 28 C.F.R. § 542.13. If this does not provide the inmate with a satisfactory result, then the second step is to file a formal, written complaint on the BP-9 form within 20 days after the date of the incident of which the inmate is complaining. 28 C.F.R. § 542.14. If the prisoner is not satisfied with the response from the warden at this level, then the third step is to complete a BP-10 appeal to the "appropriate Regional Director within 20 calendar days of the date the Warden signed the response." 28 C.F.R. § 542.15. In the event that the prisoner is not satisfied with the Regional Director's response, then the fourth step is to submit a BP-11 appeal to the "General Counsel within 30 calendar days of the date the Regional Director signed the response." *Id.* These deadlines may be extended where an inmate demonstrates a valid reason for delay as detailed in section 542.14(b). *Id.*[2] Outside the grant of such an extension, failure to timely complete all levels of the complaint process means that the prisoner has failed to exhaust his or her administrative remedies. *See* **Gibbs v. Bureau of Prison Office**, 986 F.Supp. 941, 943 (D. Md. 1997) (discussing the requirement to

---

[2]Section 542.14(b) provides the following:
Where the inmate demonstrates a valid reason for delay, an extension in filing time may be allowed. In general, valid reason for delay means a situation which prevented the inmate from submitting the request within the established time frame. Valid reasons for delay include the following: an extended period in-transit during which the inmate was separated from documents needed to prepare the Request or Appeal; an extended period of time during which the inmate was physically incapable of preparing a Request or Appeal; an unusually long period taken for informal resolution attempts; indication by an inmate, verified by staff, that a response to the inmate's request for copies of dispositions . . . was delayed.
28 C.F.R. § 542.14(b).

exhaust all administrative remedies under the PLRA).

### B. Motion to Dismiss

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 547 (2007). In other words, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." **Bass v. E.I. Dupont de Nemours & Co.**, 324 F.3d 761, 765 (4th Cir. 2003) (citing **Dickson v. Microsoft Corp.**, 309 F.3d 193, 213 (4th Cir. 2002)); see also **Iodice v. United States**, 289 F.3d 270, 281 (4th Cir. 2002). The Court may dismiss a prisoner's complaint sua sponte if the complaint fails to state a claim upon which relief may be granted. See 42 U.S.C. § 1997e(c)(1). When assessing whether a complaint should be dismissed for failure to state a claim, the Court must assume all of the allegations to be true, resolve all doubts and inferences in favor of the plaintiff, and view the allegations in a light most favorable to the plaintiff. **Edwards v. City of Goldsboro**, 178 F.3d 231, 243-44 (4th Cir. 1999). When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995)(relying on 5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357)(3d ed. 2004).

### C. Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment. See FED. R. CIV. P. 56. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." **Anderson**, 477 U.S. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." **Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); **Celotex Corp.**, 477 U.S. at 323-25; **Anderson**, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." **Anderson**, 477 U.S. at 249 (citations omitted).

### III. Discussion

In his objections, the plaintiff reiterates his arguments that the BOP (1) failed to protect him from the other prisoners [Doc. 131 at 2] and (2) did not adequately address his medical needs [*Id.* at 3-4]. However, the R&R did not address the merits of the plaintiff's claims; accordingly, these objections do not address any conclusion reached in the R&R. The R&R merely recommends that this Court dismiss this proceeding without prejudice

based upon the plaintiff's failure to exhaust his administrative remedies. The plaintiff does object to the magistrate judge's conclusion that the defendant failed to exhaust his administrative remedies [Doc. 131 at 4-6]. In particular, the plaintiff argues that he tried to exhaust his administrative remedies [*Id.* at 4-5] and that this Court should not dismiss this proceeding "because of a B.P. 11 [form] which was eather [*sic*] lost in mailing or ignored" [*Id.* at 6].

Despite the plaintiff's objections, this Court agrees with the magistrate judge's conclusion that the plaintiff was required to exhaust his administrative remedies and failed to do so. The plaintiff appears to argue that he should be excluded from the exhaustion requirement because he mailed the BP-11 form to the "central office," which never answered [Doc. 131 at 4]. However, the plaintiff later concedes that the central office might not have received the form [*Id.* at 6]. The plaintiff states that he cannot prove that he mailed the form because his property "was lost during shipping from F.C.I. Fairton to F.C.I. Three Rivers" and cannot access any information while on protective custody [*Id.* at 5]. As previously detailed by the magistrate judge in his R&R, the administrative remedy history establishes that the plaintiff successfully filed a BP-9 on September 22, 2010 [*See* Doc. 106 and Doc. 106-2 at 19] and a BP-10 on March 14, 2011 [*See* Doc. 106 and Doc. 106-2. at 24]; however, the plaintiff never successfully filed a BP-11 [*See* Doc. 106]. Because exhaustion of all administrative remedies prior to filing the **Bivens** complaint is mandatory, this Court does not have the discretion to waive the plaintiff's requirement to exhaust his administrative remedies. See **Booth v. Churner**, 532 U.S. 731, 741 (2001). As such, this Court hereby **OVERRULES** the plaintiff's objection on this issue.

## IV. Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 129]** should be, and is, hereby **ORDERED ADOPTED**.  Accordingly, the plaintiff's Objections **[Doc. 131]** are **OVERRULED** and the plaintiff's complaint **[Doc. 1]** is **DISMISSED without prejudice**.  As such, this case is hereby **DISMISSED WITHOUT PREJUDICE** and **ORDERED STRICKEN** from the active docket of this Court.  The Clerk is directed to enter a separate judgment in favor of the defendant.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** January 3, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE